UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYSHAWN HALL ET AL.                          CIVIL ACTION

VERSUS                                        NO: 13-647

BRIAN BROOKS ET AL.                           SECTION: R

ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant Carco Carriage Corporation.[1] Plaintiff Dion Walker has certified that he does not oppose defendant's motion.[2] For the foregoing reasons, defendant's motion is GRANTED.

I.   BACKGROUND

On March 6, 2013, plaintiffs Rayshawn Hall and Dion Walker filed a petition for damages in Louisiana state court against Brian Brooks, Carco Carriage Corporation,[3] and Farmers Insurance Company.[4] Plaintiffs alleged that Brooks, while operating a vehicle in the course of his employment with Carco, negligently struck their vehicle with his own, causing injury to the plaintiffs.[5] Plaintiffs further alleged that Farmers was the

_____

[1]   R. Doc. 16.

[2]   R. Doc. 17.

[3]   Plaintiffs incorrectly identified Carco as "Cargo Carriage Corporation" in the petition.

[4]   R. Doc. 1-3.

[5]   *Id.* at 2-3.

insurer of the vehicle Brooks was operating at the time of the accident.[6]

On April 8, 2013, Hall settled with the defendants and was dismissed from the lawsuit.[7] Carco then removed the action to this Court with the consent of the other two defendants.[8] On July 31, 2013, the Court granted Walker's motion to dismiss Brooks and Farmers from the suit. Thus, plaintiff Walker and defendant Carco are the only parties remaining.

Carco now moves for summary judgment. It contends that it has never employed Brooks or contracted with him in any way and thus cannot be liable for Walker's injuries.[9] In support of this claim, Carco submits an affidavit from its CFO, James F. Cullen.[10] As noted above, Walker does not oppose Carco's motion.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23

---

[6] *Id.* at 3.

[7] R. Doc. 12-1.

[8] R. Doc. 1.

[9] R. Doc. 16-1 at 2.

[10] R. Doc. 16-2.

(1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the movant must present evidence that would "entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the movant may satisfy

its burden by merely pointing out that the evidence in the record
is insufficient with respect to an essential element of the
nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden
then shifts to the nonmoving party, who must, by submitting or
referring to evidence, set out specific facts showing that a
genuine issue exists. *See id.* at 324. The nonmovant may not rest
upon the pleadings, but must identify specific facts that
establish a genuine issue for trial. *See, e.g.*, *id.* at 324;
*Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary
judgment, after adequate time for discovery and upon motion,
against a party who fails to make a showing sufficient to
establish the existence of an element essential to that party's
case, and on which that party will bear the burden of proof at
trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

Plaintiffs' state court petition alleges that Carco was
vicariously liable for the injuries allegedly caused by Brooks.
In order to succeed on this theory, Walker would have to show
that Brooks' alleged tort was committed while Brooks "was acting
within the course and scope of his employment" with Carco.
*Timmons v. Silman*, 761 So.2d 507, 510 (La. 2000); La. Civ. Code
art. 2320 (employers are responsible for offenses committed by
their employees "in the exercise of the functions in which they
are employed"). Carco has submitted an affidavit from its CFO

4

stating that Carco never employed or contracted with Brooks, and Walker does not dispute this fact. Thus, Carco is not liable for Walker's injuries as a matter of law. Summary judgment for Carco is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Carco's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 8th day of November, 2013.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE